UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:16-cr-00027-MMD-VPC-1 |
| Plaintiff, | ORDER |
| v. | |
| CHRISTOPHER JAMES, | |
| Defendant. | |

Defendant Christopher James was indicted on one count of aggravated sexual abuse in Indian Country in violation of 18 U.S.C. §§ 2241(a), 1151 and 1153. (ECF No. 1.) Trial is set to begin on December 6, 2016. James has filed a number of pretrial motions. This Order addresses the following motions: (1) motion for case specific questionnaire (ECF No. 32); (2) motion to permit supplemental attorney examination (ECF No. 33) and (4) motion to inspect (ECF No 34). The government does not oppose the first two motions. (ECF Nos. 38, 39.) The government opposes the motion to inspect to the extent James asks the Court to impose additional obligations on the government. (ECF No. 40.) James has replied to the government's response. (ECF No. 43.)

The motion for case specific questionnaire asks the Court to impose an additional procedure on the jury selection process to permit the parties to obtain more information on prospective jurors before the start of jury selection. (ECF No. 32.) Defendant proposes that the Court direct prospective jurors to appear at the courthouse the Thursday before trial to complete a case specific questionnaire to be jointly drafted by the parties, provide responses to counsel the next day and address any cause challenges the Monday before

trial. The motion is identical to a motion filed in another case, *United States v. McDuffy,* 3:13-cr-00108-MMD-VPC (ECF No. 43), which the Court granted. *McDuffy* involved charges of bank robbery with a dangerous weapon resulting in death and use of a firearm during and in relation to a crime of violence arising from a bank robbery where the defendant, an African American man with a history of mental illness, was alleged to have murdered a Caucasian bank patron during a bank robbery. The incident had substantial media coverage at the time. This case does not contain the facts that warranted the added procedure that the Court found was needed in *McDuffy.* Moreover, having gone through the process of requiring the additional case specific questionnaire in *McDuffy*, the undersigned has realized that the process is burdensome for the court staff and the prospective jurors but appeared to do little to achieve the cited goals of more complete disclosure and protecting jury privacy. This is mainly because the Court cannot resolve cause challenges based on the responses without further inquiry of the prospective juror. The result is prospective jurors were required to make a special trip to the courthouse to answer a list of lengthy questions that could have been posed on the first day of trial. In *McDuffy*, many of the prospective jurors were essentially required to answer some questions twice — first on the questionnaire and then again in court. For these reasons, the motion for case specific questionnaire (ECF No. 32) is denied.

The motion to permit supplemental attorney examination (ECF No. 33) asks the Court to permit counsel to supplement the Court's examination of the prospective jurors. Counsel is familiar with the Court's procedure of permitting the parties to propose voir dire questions, the Court asking prospective jurors these questions and the Court asking counsel for input into any additional follow-up questions during jury selection. Counsel for the parties are also permitted to ask supplemental questions of a prospective juror at side bar. Thus, under the Court's jury selection process, counsel for both parties do have the opportunity to directly ask questions of prospective jurors at side bar and to propose follow-up questions for the Court to ask. To the extent counsel is asking for permission to

///

do follow-up questions in open court after the Court has competed its questioning of the prospective jurors, each side will be given 10 minutes to pose any follow-up questions.

In the motion to inspect, Defendant asks the Court to require "the prosecution to inspect and produce the personnel files of all law enforcement officers it intends to call as a witness at trial so that information that cast doubt on their credibility will be produced to the defense." (ECF No. 34 at 4.) the government counters that it understands its obligations to disclose exculpatory and impeachment materials, but opposes any request for all personnel files of law enforcement officers who will be called to testify. (ECF No. 40.) To the extent that Defendant is asking for general production of personnel files of law enforcement officers,[1] the motion is denied. The motion is granted to the extent that the government is required to review the personnel files of officers and agents who will be called to testify to produce potentially exculpatory and impeachment evidence and information that is material to Defendant's case. If there is any doubt as to whether the information is exculpatory or material or may amount to impeachment evidence, the government is required to submit the information to the Court for the Court's *in camera review*.

It is therefore ordered that the (1) motion for case specific questionnaire (ECF No. 32) is denied; (2) motion to permit supplemental attorney examination (ECF No. 33) is granted in part; and (4) motion to inspect (ECF No 34) is granted in part and denied in part.

DATED THIS 31st day of October 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] In his reply, Defendant states that he is not requesting production of "every personnel file of every law enforcement witness in its entirety to the defense." (ECF No. 43 at 2.)